## Heron, Appellant, *v.* Houston (No. 2).

*Party wall—Deed—Covenant.*

An owner of two adjoining lots executed deeds for the same to two separate parties. The first deed contained this covenant "And in case said building is over twenty feet in width and extends over the line of said lot next to F. Street, the wall so extending partly over said line shall remain so and be held as a party wall between this and the adjoining lot owner so that K., his heirs and assigns, shall not be compelled to take it down past his own pleasure." The second deed contained the following covenant: "In case the building erected on the adjoining lot now owned by me should extend over the line of said lot and upon the lot herein described, the wall of said building so extending on said

line shall remain so and be held as a party wall between this and the adjoining lot owner, so that K., his heirs and assigns, shall not be compelled to take down or remove said wall past his own pleasure." *Held,* that the two covenants could not be construed as, in effect, an agreement between the respective vendees and their successors in title, that the wall then existing should remain as a party wall, not to be taken down except at the pleasure of K., or those claiming under him.

Argued Oct. 31, 1906.    Appeal, No. 174, Oct. T., 1906, by plaintiff, from decree of C. P. No. 3, Allegheny Co., May T., 1906, No. 460, sustaining demurrer to bill in equity in case of John B. Heron, Jr., v. James W. Houston and Leo Reed, trading as James W. Houston & Company, and S. A. Dies, Superintendent of the Bureau of Building Inspection of the City of Pittsburg.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Bill in equity for an injunction.
Demurrer to bill.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree sustaining demurrer.

*J. S. Ferguson,* with him *E. G. Ferguson,* for appellants.

*Magnus Pflaum,* for appellees.

OPINION BY MR. JUSTICE STEWART, February 18, 1907 :
A single circumstance distinguishes this case from Heron v. Houston, ante, p. 1, just decided.    Here the two adjoining lots originally belonged to Thomas Melon, who had erected upon the one owned by appellant, the three-story brick building now standing thereon.    The deed for this lot from Melon to Kaye, the appellant's immediate predecessor in title, contained the following covenant with respect to this building: "And in case said building is over twenty feet in width and extends over the line of said lot next to Factory Street, the wall so extending partly over said line shall remain so and be held as a party wall between this and the adjoining lot owner so that Kaye, his heirs and assigns, shall not be compelled to take it down past his own pleasure."    The deed from

Melon for the adjoining unimproved lot to Ardary, the appellees' immediate predecessor in title, contained this covenant: " In case the building erected on the adjoining lot now owned by me should extend over the line of said lot and upon the lot herein described, the wall of said building so extending on said line shall remain so and be held as a party wall between this and adjoining lot owner, so that Kaye, his heirs and assigns, shall not be compelled to take down or remove said wall past his own pleasure."

Appellant's contention is that the covenant in the deed to Kaye, and the implied covenant or condition contained in the deed to Ardary, were in effect an agreement between the respective vendees and their successors in title, that the wall then existing should remain as a party wall, not to be taken down except at the pleasure of Kaye, or those claiming under him.

The occasion for these covenants was the uncertainty in the mind of the original grantor as to whether or not the building erected on the lot now owned by appellant was wholly within the limits of that particular lot. His deed was one of general warranty. His evident purpose was to secure to his grantee the right to maintain the wall as it was, even though it did encroach upon the unimproved lot now belonging to the appellees. The only effect of the covenants was to subject the appellees' lot to an easement of this extent. The provision that " the wall of the building so extending on said line shall remain so, and be held as a party wall between this and the adjoining lot owners, so that Kaye, his heirs and assigns, shall not be compelled to take down or remove said wall past his own pleasure," certainly affects the owners of the adjoining lot to the extent indicated ; that is to say, they may not require the owner of the building to remove so much of it as encroaches upon their lot; but to give it the construction contended for, would lead to the unreasonable conclusion that this wall, made a party wall, should always remain such as against any interference by the owners of the adjoining lot, but subject to removal at any time at the pleasure of Kaye or his successors in title. Evidently no such effect was understood or intended. Appellees, in taking down this wall, are proceeding under and in accordance with the provisions of the

act of June 7, 1905. No covenant is being broken by such procedure; appellant is not being required against his own pleasure to take down the encroaching wall, but under authorization of the bureau of building inspection the appellees are proceeding with the work at their own expense, preparatory to the erection of a more adequate wall on the same site. The feature in the case to which we have adverted in no way exempts the wall in controversy from the provisions of the act. It is not necessary to refer to the other questions raised, since they were fully considered and decided in the opinion just filed in the case of Heron v. Houston (No. 1). The demurrer was properly sustained.

The appeal is dismissed at the cost of the appellant.